## IN RE ESTATE OF GUNNULD O. NESS.
## INGA MILLER AND OTHERS, APPELLANTS.[1]

April 11, 1930.

No. 27,717.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for appellants.

*M. J. Hegland,* for respondent.

HOLT, J.

The heirs of Gunnuld O. Ness appeal from the order denying a new trial. It involves the final account of the administrator of the estate.

The facts appear to be these: Respondent was a farmer and neighbor of deceased, also a farmer. He was also the president of

[1]Reported in 230 N. W. 272.

the Peoples State Bank at Greenbush, Minnesota, and the manager of a shippers association of that place. The active management of the bank was in the cashier, Czyrson. One of the brothers of the deceased petitioned for respondent's appointment as administrator. Pending the appointment the heirs had arranged for an auction sale of the personal property of the deceased at the farm and engaged Czyrson to act as clerk thereof. Respondent was along with one of the heirs when both the clerk and auctioneer were engaged but was not appointed administrator until after the auction sale. The clerk of the auction was to collect for the sales. It appears that on November 6, 1926, when respondent became administrator, Czyrson had opened the "Gunnuld O. Ness Sale Account" in the Peoples State Bank of Greenbush, showing over $2,700 to the credit of said account, proceeds from the auction sale. And as collections from the sale came in they were placed to the credit of that account. In the latter part of November, 1926, $700 was transferred from that account to the account of the administrator in said bank. This left $2,831.26 in "Gunnuld O. Ness Sale Account" when the bank, on May 9, 1927, was closed. The court found that respondent "had a fair knowledge of the condition of said bank and that he was negligent and failed to exercise the degree of care which men of common prudence ordinarily exercise in their own affairs in failing to withdraw from said bank the said money he had in it as administrator as aforesaid before it was closed amounting at that time to the said sum of $144.04." In that amount the administrator's account was surcharged, that is, the administrator is to be charged with $144.04 as cash in hand and not credited with that amount as an item or claim against the bank to be distributed to the heirs.

The appeal concerns only the balance of $2,831.26 in the "Gunnuld O. Ness Sale Account" when the bank closed. As to this balance the learned trial court found "that it is the duty of said administrator to collect the same and account for it to said probate court before he should be discharged as administrator." The court treated this as property of the estate which had not come into the

possession of the administrator. It was considered a claim of the estate against the bank which should be collected and accounted for before the administration could be completed. The administrator had not opened this account. He had not collected the moneys deposited in that account nor deposited them therein. The arrangement under which this was done was made by some of the heirs with Czyrson, who continued to make collections from the auction sale and deposit the amounts collected to the credit of that account up to April 18, 1927.

Appellants cite and rely on In re Scudder's Estate, 21 Misc. 179, 47 N. Y. S. 101, a decision by the surrogate court; but it is to be noted that the coexecutor and manager of the bank, who was held liable, had as coexecutor obtained possession of the funds of the estate and deposited them in his bank, well knowing that the bank was then unsafe. In re Hoffman Estates (S. D.) 225 N. W. 717, is a case, where the guardian, who was also the managing officer of a bank, deposited his ward's funds in his bank and was held accountable in cash for failing to withdraw the deposit before the bank failed. He also was in possession of the ward's money and deposited the same and kept it in his bank well knowing it was unsafe. Appellants are mistaken in saying that the court has relieved the respondent of liability. On the contrary the court directs him to collect the claim of the estate against the bank and then account to the probate court therefor. If it should develop that any part of the claim is lost to the estate by the negligent act or omission of respondent he will be held accountable upon the final hearing of his stewardship after completing his duties as administrator. We think the learned district court properly disposed of the appeal.

The order is affirmed.